USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 2 5 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HASSAN SALEH,

                     Plaintiff,

    -v-

NEW YORK UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES ET AL.,

                     Defendant.
------------------------------------------------------------X

13 Civ. 7234 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

Having already had two complaints dismissed by the Court with prejudice, plaintiff Tarek Youssef Hassan Saleh now comes before the Court yet again—this time under a new case number and different procedural posture, but complaining of exactly the same behavior and requesting almost exactly the same relief. For the following reasons, plaintiff's complaint is DISMISSED as frivolous.

## I. BACKGROUND

### A. Prior Proceedings

Plaintiff first brought suit against numerous parties—including the Federal Bureau of Investigation (FBI), U.S. Citizenship and Immigration Services (USCIS), the Department of Homeland Security, and their employees in their individual capacities—in October 2009, asserting constitutional civil rights claims and Federal Tort Claims Act ("FTCA") violations. Plaintiff then amended that complaint on June 18, 2010. Judge Batts dismissed plaintiff's complaint with prejudice on March

4, 2011. See Saleh v. Holder, No. 09 Civ. 9066 (DAB), 2011 WL 797500 (S.D.N.Y. 2011).

The Second Circuit affirmed that judgment in every aspect except with regard to plaintiff's FTCA claims, because the district court should have dismissed them without prejudice. See Saleh v. Holder, 470 F. App'x 43 (2d Cir. 2012).

Thereafter, plaintiff filed a new complaint on June 12, 2012, against the same parties, complaining of the same alleged misconduct, and seeking the same relief. (Saleh v. United States of America et al., 12 Civ. 4598 (KBF), Compl. ("2012 Compl."), ECF No. 1.) Rather than filing only his FTCA claims but this time alleging administrative exhaustion, in accordance with the Second Circuit's decision, plaintiff repled his entire complaint with identical allegations to those in his 2009 lawsuit. (Id.)

The Court dismissed that action with prejudice on September 27, 2013. (Mem. Decision & Order ("2013 Decision") 25, ECF No. 31.) The Court found that plaintiff's constitutional claims were barred by res judicata based on the 2009 lawsuit that Judge Batts had dismissed in 2011. (Id. 2.) Furthermore, although plaintiff did plead administrative exhaustion with respect to his FTCA claims, those claims were both legally insufficient to state a claim under the FTCA and insufficiently plausible to survive Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). (2013 Decision 18–26.) Plaintiff then filed a motion for reconsideration on October 3, 2013 (ECF No. 33), which the Court denied on October 4. (ECF No. 35.)

B. The Instant Action

On October 15, 2013, plaintiff filed a new complaint, this time in the form of a writ of mandamus, against USCIS, the Department of Homeland Security, and Attorney General Eric Holder—all defendants in the prior action. (13 Civ. 7234 (KBF), Compl. 1 ("2013 Compl."), ECF No. 1.) In his writ of mandamus, plaintiff requests that the Court order USCIS to issue him a green card. (Id. 3, 46.) Plaintiff also alleges that defendants have subjected him to intimidation, malicious prosecution, and fraud, and seeks injunctions against defendants to implement policies and procedures to prevent such occurrences. (Id. 4, 47.) Finally, plaintiff requests $5,000,000 in compensatory damages. (Id. 47–48.)

Also on October 15, 2013, plaintiff filed a proposed order to show cause. (Unsigned Order 1, ECF No. 2.) In that proposed order, plaintiff requests that the Court issue a preliminary injunction and temporary restraining order to force defendants to issue him a green card. (Unsigned Order 2.)

## II. STANDARD OF REVIEW

The Court has the authority to dismiss sua sponte a complaint for which plaintiff has paid the filing fee if the complaint presents no arguably meritorious issue. See Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000). A complaint is "frivolous where it lacks an arguable basis either in law or in fact." Pillay v. INS, 45 F.3d 14, 16 (2d Cir. 1995). A history of "vexatious, harassing or duplicative lawsuits" may indicate that a complaint is frivolous. See Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) (affirming an injunction

preventing a plaintiff from filing further lawsuits); see also Malley v. New York City Bd. of Educ., 112 F.3d 69, 69 (2d Cir. 1997) (same).

While the law authorizes dismissal of frivolous complaints even if the filing fee has been paid, district courts "remain obligated to construe a pro se complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, pro se complaints should be "interpreted 'to raise the strongest arguments that they suggest.'" Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006) (emphasis in original) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)). Nonetheless, even "pro se complaints must contain sufficient factual allegations to meet the plausibility standard." DiPetto v. U.S.P.S., 383 F. App'x 102, 103 (2010).

### III. DISCUSSION

Plaintiff's new writ of mandamus and order to show cause allege exactly the same behavior, and request nearly the same relief, as the complaint that the Court has already dismissed with prejudice.

Generally speaking, plaintiff alleges that defendants prevented him from obtaining his green card through fabrication, evidence, fraud, and other malicious tactics. (2013 Compl. 4; Pl.'s Aff. 2, ECF No. 2.) Throughout his 2013 complaint, Plaintiff relies on exactly the same facts—and often uses exactly the same language—as in his 2012 complaint. For example, in both complaints, plaintiff alleges that FBI agents alluded to plaintiff's connections to Al-Qaeda. (2012 Compl. ¶¶ 26–27; 2013 Compl. ¶¶ 12–13.) Plaintiff accuses the FBI of conspiring with a

woman who "staged an assault" in the mosque where plaintiff is an imam. (2012 Compl. ¶¶ 31, 40; 2013 Compl. ¶¶ 17, 26.) He alleges that an FBI informant attempted to entrap him as a terrorist. (2012 Compl. ¶ 34; 2013 Compl. ¶ 23.) Finally, plaintiff alleges that the FBI told him that "if he wanted a Green Card then he [had] to work with [the] FBI," and that he was denied his green card for refusing to cooperate with the FBI. (2012 Compl. ¶ 42; 2013 Compl. ¶ 28.)

Plaintiff also requests nearly the same relief as in his 2012 complaint, though under a different guise. Formerly asserting constitutional and FTCA violations, his complaint now comes to the Court styled as a writ for mandamus. In both complaints, however, plaintiff seeks injunctions against defendants as well as millions of dollars in compensation. (2012 Compl. pp. 25–26; 2013 Compl. pp. 46–47.) The single additional form of relief plaintiff requests in his 2013 complaint is that the Court order USCIS to issue him a green card—but he bases this prayer for relief on exactly the same behavior as in his 2012 complaint.

Because the two complaints are materially indistinguishable, plaintiff's 2013 complaint is repetitious and duplicative, and thus frivolous. See Blake v. Bentsen, 95 Civ. 2227 (SJ), 1995 WL 428694, at *2 (E.D.N.Y. July 11, 1995). This new complaint is nothing more than a restatement of plaintiff's 2012 complaint, restyled under a new case number with a new procedural posture. Plaintiff pleads no facts and makes no legal arguments to distinguish the causes of action and factual allegations driving the two complaints. Therefore, the Court can only conclude

that—having already faced two dismissals with prejudice—plaintiff filed a writ of mandamus to make the same assertions yet again.[1]

By repeatedly filing frivolous complaints based on the same claims, Plaintiff has "grossly abused the judicial process." In re Hartford Textile Corp., 613 F.3d 388, 391 (2d Cir. 1979), cert. denied, 447 U.S. 907 (1980). Accordingly, the Court dismisses the case sua sponte. See Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000).

The Court further warns that future attempts to file meritless complaints may warrant sanctions. Pursuant to its authority under 28 U.S.C. § 1651, the Court "may sanction a prolific litigant who abuses the judicial process by repeatedly suing defendants on meritless grounds and enjoin him from pursuing future litigation without leave of the court." Davey v. Dolan, 453 F. Supp. 2d 749, 755–56 (S.D.N.Y. 2006) (citing cases); see also In re Hartford Textile Corp., 659 F.2d 299, 305 (2d Cir. 1981) (imposing sanctions for "meritless, frivolous, vexatious or repetitive" filings).

## IV. CONCLUSION

For these reasons, defendant's complaint is DISMISSED with prejudice. As a result, there is no need for the Court to consider plaintiff's motion for permission to participate in electronic case filing (ECF No. 5).

---

[1] Plaintiff alleges a smattering of new facts in his 2013 complaint, mostly related to several officers' March 14, 2013 testimony in immigration court. (2013 Compl. ¶¶ 48–92.) Those allegations do not alter the types of violations plaintiff alleges or the facts on which those alleged violations are predicated. They therefore do not alter the Court's conclusion that plaintiff's 2013 complaint is a frivolous restatement of his 2012 one.

The Clerk of Court is directed to close the motion at ECF No. 5 and to terminate this action.

SO ORDERED.

Dated: New York, New York
October 25, 2013

*K. B. Forrest*
KATHERINE B. FORREST
United States District Judge

CC:
Tarek Youssef Hassan Saleh
234 Bay Ridge Ave.
Brooklyn, NY 11220
PRO SE
brooklynsaleh246@aol.com